UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILMA PEREZ and DAVID HALDEMAN,

       Plaintiffs,

v.                                                          Case No:   6:18-cv-1172-Orl-37TBS

FCA US, LLC.,

       Defendant.

_____

<u>REPORT AND RECOMMENDATION</u>

      After due consideration I respectfully recommend that FCA US, LLC's Amended

Motion for Attorney's Fees and Costs (Doc. 40) be denied.

**I. Background**

      Plaintiffs Wilma Perez and David Haldeman filed this putative class action alleging

that Defendant FCA US, LLC sold and leased Dodge Avenger and Jeep Cherokee motor

vehicles with a defective active head restraint system (Doc. 22, ¶ 1). Plaintiffs claimed

that Defendant failed to warn customers about this safety defect, which resulted in injuries

to some drivers (<u>Id.</u>). The lawsuit was brought on behalf of Plaintiffs and all other persons

in Florida who have owned or leased a Dodge Avenger or Jeep Cherokee and paid to

have the head restraint system fixed after Defendant refused to cover the cost under the

vehicle warranty (<u>Id.</u>, ¶ 63). Plaintiffs' Third Amended Complaint included claims for

breach of express warranty, violation of the Florida Deceptive and Unfair Trade Practices

Act ("FDUTPA"), and breach of implied warranties (<u>Id.</u>).

      The Court examined the case and concluded that the warranty and FDUTPA

claims were time barred; Plaintiffs had failed to allege sufficient facts to state a warranty

claim based on Defendant's advertising and marketing; Plaintiffs had failed to allege sufficient facts to show unconscionability; and Plaintiffs had failed to satisfy FED. R. CIV. P. 9(b)'s heightened pleading standard for fraud as a basis for tolling the applicable statutes of limitation (Doc. 36). Based on these findings the Court dismissed Plaintiffs' claims with prejudice (Id.). Plaintiffs did not appeal the Court's decision.

After the time to take an appeal had expired, Defendant motioned the Court for an award of its attorney's fees and costs under FDUTPA (Doc. 37). The motion did not include the attorney's certificate of compliance with Local Rule 3.01(g) and counsel concede that they failed to meet-and-confer with Plaintiffs' lawyer before the motion was filed (Doc. 42 at 2). Accordingly, and because the motion was superseded by the amended motion currently pending before the Court, I denied Defendant's original motion without prejudice (Doc. 43).

Defendant's amended motion seeks to recover the $34,625 in attorney's fees and $2,139 in costs it paid to defend this case (Doc. 40 at 6-11). The amended motion includes a Local Rule 3.01(g) certificate stating that when defense counsel attempted to meet-and-confer, Plaintiff's lawyer declined. Plaintiff's lawyer explained that he believed conferral was unnecessary because the Court was going to deny the amended motion due to Defendant's failure to comply with Rule 3.01(g) before the original motion was filed (Id.). Defense counsel made a second attempt to confer with Plaintiffs' lawyer who reiterated his position[1] (Id.).

---

[1] In their response to the amended fee motion Plaintiffs try too hard (6 pages), to convince the Court that it should be denied under Local Rules 3.01(g) and 4.18. While the Court expects litigants to strictly comply with the Local Rules, it may, in its discretion, excuse compliance. See e.g. Regions Bank v. Legal Outsource PA, Case No. 2:14-cv-476-FtM-29MRM, 2016 WL 7228738, at *2 (M.D. Fla. Mar. 10, 2016); see also Boone v. Courtesy Boat Rentals & Yacht Charter, Inc., 537 F. App'x 916 (11th Cir. 2013); Castle v. Appalachian Tech. College, 430 F. App'x 840 (11th Cir. 2011). Here I find Defendant's motion is better dealt with on the merits.

Plaintiffs have responded to the amended motion (Doc. 41). Their response includes a motion to strike which I have denied (Doc. 44).

## II. Discussion

FDUTPA provides that "[i]n any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." FLA. STAT. 501.2105 (1). Subsection (5) concerns actions by an "enforcing authority" and so does not apply in this case. FLA. STAT. 501.2105 (5). Defendant is the prevailing party in this case. The Court granted its motion to dismiss the Third Amended Complaint with prejudice and Plaintiffs did not appeal.

"To recover attorney's fees, subsection 501.2105(2) provides that the attorney for the prevailing party must submit a sworn affidavit regarding the time expended litigating a civil action involving a FDUTPA claim." Diamond Aircraft Indus., Inc. v. Horowitch, 107 So.3d 362, 370 (Fla. 2013). Defendant's lawyer has filed his declaration itemizing the time expended, the nature of the service provided, and the hourly rate for each timekeeper who worked on the case and for whom reimbursement is sought (Doc. 37-1).

In addition to attorneys' fees, "FDUPTA allows for the award of non-taxable costs, i.e. those costs that are not taxable under federal law at 28 U.S.C. § 1920." Chow v. Chak Yam Chau, 640 F. App'x 834, 836 (11th Cir. 2015) (citing FLA. STAT. § 501.2105(1)-(4)). Defendant seeks the costs it incurred to depose Plaintiffs (Doc. 40 at 10).

"Subsection 501.2105(3) permits an award of attorney's fees for the hours actually expended on a civil action involving a FDUTPA claim." Id. at 370. Under FDUTPA the award of attorney's fees for other parts of the litigation is not appropriate "if either (1)

counsel admits that the other services provided in that action were unrelated to the FDUTPA claim, or (2) a party establishes that the services related to non-FDUTPA claims 'were clearly beyond the scope of a 501 proceeding.'" Id. at 370 (citation omitted). "[T]he purpose of FDUTPA's attorney's fees provision ... is to award attorney's fees to the party that prevailed in civil litigation that involved a violation of FDUTPA-not for an action clearly beyond FDUTPA's scope." Id. at 371.

Defendant seeks an award of its attorney's fees expended to defend the entire case (Doc. 40 at 5-6). It argues that this is appropriate because all of Plaintiffs' claims were alternative theories based on the same set of facts and therefore, none of the work performed by Defendant's lawyers was "'totally unrelated' to the FDUPTA claim" or "'clearly beyond the scope of [the] proceeding.'" (Id. at 6) (quoting Heindel v. Southside Chrysler-Plymouth, Inc., 476 So.2d 266, 272 (Fla. 1st DCA 1985)). The Heindel court reasoned that in "actions containing a deceptive trade practices count and one or more alternative theories of recovery, all based on the same transaction, no allocation of attorney's services need be made except to the extent that counsel admits that a portion of services was totally unrelated to the [ ] claim or it is shown that the services related to issues, such as punitive damages, which were clearly beyond the scope of [the] proceeding." Id.

Plaintiffs maintain that each of their claims were separate and distinct (Doc. 41 at 18). They argue that each count depended on a distinct set of facts, was subject to a distinct statute of limitations, and there were distinct tolling theories for each limitations period (Id.). I disagree. All three claims relied on the same facts averred in the seventy paragraphs of the amended complaint that were incorporated into each count. At its core, regardless of the count, Plaintiffs were seeking relief because Defendant allegedly sold a

defective product, failed to warn its customers, concealed the defect, and refused to pay for repairs. Consequently, it is appropriate for Defendant to seek recovery of its fees and costs for defending the entire case.

Florida's Fourth District Court of Appeal has held that when a party prevails under FDUTPA the court has discretion to award attorney's fees based on a non-exclusive list of factors. Humane Soc'y of Broward Cty., Inc. v. Fla. Humane Soc'y, 951 So.2d 966, 971-72 (Fla. 4th DCA 2007) (citing Rosen v. Rosen, 696 So.2d 697, 700-01 (Fla. 1997)).

The first factor for the Court to consider is the "scope and history of the litigation." Id. It took approximately six months from the filing of this case until the Court dismissed Plaintiffs' claims with prejudice. If Plaintiffs had succeeded in certifying a class, then the case would have been significant in scope. As it turned out, they were unable to survive a motion to dismiss. I find no evidence that any party litigated in an overly aggressive manner or that any party unnecessarily delayed or churned the case. In its motion papers Defendant references onerous discovery but that is not borne out by the docket or counsels' billing records. For these reasons I find that the scope and history of the case is a neutral factor in the Court's analysis.

Second, is "the ability of the opposing party to satisfy an award of fees." Id. The party seeking fees must present some evidence of the opposing party's ability to pay. See Freeman v. Continental Ins. Co., 996 F.2d 1116, 1119-1120 n.3 (11th Cir. 1993); Jan. 26, 2018) Reilly v. Chipotle Mexican Grill, Inc., No. 15-civ-23425-COOKE/TORRES, 2018 WL 1883086, at *4 (S.D. Fla. Jan. 26, 2018). There is no presumption that a party can pay a fee award. Id. at 3-5 (citing Roca Labs, Inc. v. Consumer Opinion Corp., Case No. 8:04-cv-2096-T-33EAJ, 2015 WL 8387974, at *3 (M.D. Fla. Dec. 10, 2015)). Plaintiffs represent that they are unable to satisfy an award (Doc. 41 at 13-14), and Defendant

admits it is unable to contradict this claim (Doc. 40 at 8). Because there is no reason to doubt Plaintiffs' representation, this factor weighs in favor of denying the motion.

Third, is "whether an award of fees against the opposing party would deter others from acting in similar circumstances." Humane Soc'y, 951 So.2d at 971-72. Defendant argues that fees should be awarded because Plaintiffs filed "a patently time barred claim and then stall[ed] the inevitable hoping to exert maximum settlement pressure through onerous discovery" and others need to be deterred from pursuing this same litigation strategy (Doc. 40 at 8). As I have already noted, Defendant's clams of onerous discovery and stalling are not borne out by the docket or defense counsels' time records. And, as the Court in Reilly reasoned, "[w]hile [Defendant] is correct that a fee award may serve as deterrence to similarly situated parties, Plaintiff's 'conduct has already been sanctioned in the form of dismissal with prejudice' ... We, therefore, conclude that any additional deterrence in the form of a fee award is not necessary to deter similar conduct in the future[.]" Reilly, 2018 WL 1883086, at *5 (citing Atmos Nation, LLC v. All Rise Records, Inc., 2017 WL 3635114, at *3 (S.D. Fla. July 6, 2017)). "This conclusion is bolstered even more so by the fact that FDUPTA is designed to protect the consuming public, not to penalize them for attempting to enforce its provisions." Id. Here I find that the deterrence factor weighs marginally in favor of granting Defendant's motion.

Fourth, is "the merits of the respective positions–including the degree of the opposing party's culpability or bad faith." Humane Soc'y, 951 So.2d at 971-72. While Defendant prevailed on its motion to dismiss the third amended complaint it has not shown that Plaintiffs brought this case in bad faith. Plaintiffs' claims were based on facts that presented clear public safety concerns and that had been previously documented by the National Highway Transportation Administration ("NHTSA") (Id., ¶ 19). But for the

expiration of the applicable statutes of limitation the examples of vehicle head rests that abruptly deploy without warning, recited in Plaintiffs' complaint from the NHTSA presented a good faith basis for their claims. Still, because Defendant prevailed on the statutes of limitation, I find that this factor weighs moderately in Defendant's favor.

Fifth, is "whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless." Id. This factor depends upon the Court's view of Plaintiffs' decision to bring this lawsuit despite the statutes of limitation issues they faced. On review, I find that Plaintiffs were misguided but not frivolous which is why I find this to be a neutral factor.

Sixth, is "whether the defense raised a defense mainly to frustrate or stall." This factor "has no bearing on this case," because "Defendant was the prevailing party, not the losing party." Sodikart USA v. Geodis Wilson USA, Inc., No. 14-CV-22461, 2014 WL 6968073, at * 5 (S.D. Fla. Dec. 9, 2014). parties' claims").

Seventh is "whether the claim brought was to resolve a significant legal question under FDUTPA law." Humane Soc'y of Broward Cty., Inc. v. Fla. Humane Soc'y, 951 So.2d 966, 971-72 (Fla. 4th DCA 2007) (citing Rosen v. Rosen, 696 So.2d 697, 700-01 (Fla. 1997)). This factor weighs neutrally because the parties did not assert novel or significant questions of law.

### III. Recommendation

After considering the applicable factors I find that Plaintiffs' inability to pay a fee award is the most significant and that it alone outweighs the factors favoring Defendant. Therefore, I respectfully recommend the Court **DENY** Defendant's motion for attorney's fees and costs.

## IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 11, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record